**Allan E. GANDLER, Plaintiff,**

v.

**McGINN, SMITH & CO., INC., Defendant.**

**No. 89–CV–472 FJS.**

United States District Court, N.D. New York.

Jan. 27, 1993.

Iseman, Cunningham, Riester & Hyde (Robert H. Iseman, of counsel), Albany, NY, for plaintiff.

Roemer and Featherstonhaugh, P.C. (Michael J. Smith, of counsel), Albany, NY, for defendant.

### MEMORANDUM–DECISION

SCULLIN, District Judge:

The present matter having come before this court on a motion for summary judgment by the defendant, and after having reviewed the entire file in this matter and heard oral argument from both counsel in Albany, New York on January 22, 1993 the court denied the defendant's motion with respect to all of the plaintiff's claims but one, *to wit,* the claim brought under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l* (the "§ 77*l* claim"). The court reserved decision on this claim, advising the parties that this brief written decision would follow.

15 U.S.C. § 77m provides, in pertinent part that

[n]o action shall be maintained to enforce any liability created under section 77k or '77*l* (2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence.... In no event shall any such action be brought to enforce a liability created ... under section 77*l* (2) of this title more than three years after the sale.

15 U.S.C.A. § 77m (West 1981).

For essentially the same reasons as stated in court on January 22, 1993, the court finds that the question of whether the

plaintiff brought his § 77*l* action within one year after such discovery of the alleged violation was, or should have been, made cannot be decided as a matter of law. Such a decision depends upon a determination of material facts. Thus, summary judgment is inappropriate, and defendant's motion on the § 77*l* claim, as with the other claims, is hereby DENIED.

IT IS SO ORDERED.